UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James A. McClellan, *a/k/a James Anderson McClellan*, | ) C/A No. 9:16-949-JMC-BM )  ) |
| Plaintiff, | )  ) **REPORT AND RECOMMENDATION** |
| vs. | )  ) |
| Nikki R. Haley, Governor of South Carolina, *in Her Official and Individual Capacity*; Michael McCall, *in His Official and Individual Capacity*, | )  )  )  ) |
| Defendants. | )  )  ) |

The Plaintiff, James A. McClellan, proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate at the Lieber Correctional Institution, part of the South Carolina Department of Corrections (SCDC).

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and § 1915A, the Prison Litigation Reform Act, Pub.L. No. 104–134, 110 Stat. 1321 (1996), and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992), Neitzke v. Williams, 490 U.S. 319 (1989), Haines v. Kerner, 404 U.S. 519 (1972), Nasim v. Warden, Maryland House of Corr., 64 F.3d 951 (4th Cir. 1995), and Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). Pro se complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a

pro se complaint to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972); Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)).

However, even when considered pursuant to this liberal standard, for the reasons set forth herein below this case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 679-679 (2009) [outlining pleading requirements under the Federal Rules of Civil Procedure].

## Discussion

Plaintiff alleges that he provided information to assist with an investigation by the SCDC of correctional officers and thereafter has been in imminent danger from SCDC staff. Plaintiff alleges that on March 7, 2016, unnamed masked correctional officers allegedly beat Plaintiff with wooden batons on his head, face, back, legs, arms, and hands after he refused to leave protective custody and return to the general population, and claims that he will continue to be assaulted by SCDC officers because he refuses to go to the "yard." He further asserts that Associate Warden Davis said Plaintiff would receive protection for providing valuable information, but this promise has not been honored. Complaint, ECF No. 1 at 3-4. Plaintiff requests that this Court order that he be placed on state protective custody at the Perry Correctional Institution. Id. at 5.

Plaintiff's Complaint is subject to summary dismissal because he failed to exhaust his administrative remedies as to the actions alleged in his Complaint prior to filing this lawsuit. Before a prisoner can proceed with a lawsuit in federal court concerning conditions of confinement,

2

he must first exhaust his administrative remedies as required by the Prison Litigation Reform Act, which provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002); see also Booth v. Churner, 532 U.S. 731, 740–41 (2001). To satisfy this requirement, a plaintiff must avail himself of every level of available administrative review, which means "'using all steps that the agency holds out, and doing so properly.'" Woodford v. Ngo, 548 U.S. 81 (2006) (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)). Thus, "it is the prison's requirements, and not the [Prison Litigation Reform Act], that define the boundaries of proper exhaustion." Jones v. Bock, 549 U.S. 199, 218 (2007). Further, while a plaintiff's failure to exhaust administrative remedies is considered an affirmative defense, and not a jurisdictional infirmity; id. at 216; if the lack of exhaustion is apparent on the face of the prisoner's complaint, sua sponte dismissal prior to service of the complaint is appropriate. Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005).

Here, a plain reading of the Complaint and Plaintiff's attachments shows that Plaintiff did not properly exhaust his available administrative remedies prior to filing this action. Although Plaintiff checked a box on the Complaint form stating he had received the final institutional answer or determination concerning the matters alleged on March 18, 2016 (notably, only eleven days after he allegedly filed his grievance), the Step 1 grievance form attached to the Complaint, and showing that it was signed on March 7, 2016, bears no indication that it was ever submitted to the SCDC (it



3

contains no grievance number or date received by the SCDC). The grievance form also contains no response from the Inmate Grievance Coordinator. ECF No. 1-1 at 1. Nor has Plaintiff submitted, or even alleged, that he appealed any adverse decision by filing a Step 2 grievance appeal.[1]

Because it did not appear that Plaintiff had exhausted his administrative remedies, special interrogatories were sent to Plaintiff, and he filed a response on April 11, 2016. See ECF Nos. 8-1, 11. In his response to the Court's special interrogatories, Plaintiff states that he filed a grievance on March 7, 2016, but in response to the question of whether he had received an answer to the grievance from the Warden, Plaintiff wrote "no it was denied." ECF No. 11, at 1. In response to the question of whether he submitted a Step 2 grievance to the Inmate Grievance Coordinator, Plaintiff answered "No. None was given." ECF No. 11 at 2. When asked if he had ever appealed a Step 2 decision, Plaintiff answered "No. It never made it that far". ECF No. 11 at 2.

Only after completing both Steps 1 and 2 of the SCDC grievance policy has an inmate properly exhausted his claims under § 1983. See Malik v. Ward, No. 8:08-1886-RBH-BHH, 2010 WL 1010023, at *6 (D.S.C. Feb. 4, 2010). Hence, as it is clear that Plaintiff did not file a Step 2 grievance prior to filing this action, he has not exhausted his available administrative remedies as to the matters alleged in his Complaint. Additionally, even if Plaintiff were to now file a Step 2 grievance, a prisoner does not comply with the mandatory exhaustion requirements by exhausting his remedies during the course of litigation, as exhaustion is a prerequisite to suit that must be

---

[1]This Court can take judicial notice from previous cases filed in this Court that, under the SCDC Grievance Procedure, all inmate grievances must be filed within fifteen (15) days of the alleged incident, and if a grievance is denied by the Warden (Step 1), the inmate may then appeal the Warden's decision by filing a Step 2 appeal with the Division Director of Operations. See Aloe Creme Laboratories, Inc. v. Francine Co, 425 F.2d 1295, 1296 (5th Cir. 1970); see also Branton v. Ozmint, No. 08-2306, 2009 WL 1457144 at * 2 (D.S.C. May 22, 2009); Jenkins v. South Carolina Dept. of Corrections, No. 05-2800, 2006 WL 1083563 at * 5 (D.S.C. Apr. 18, 2006).



4

completed prior to filing an action. See Anderson v. XYZ Correctional Health Servs., Inc., 407 F.3d at 677, see also Neal v. Goord, 267 F.3d 116, 123 (2nd Cir. 2001)[holding that "allowing prisoner suits to proceed, so long as the inmate eventually fulfills the exhaustion requirement, undermines Congress' directive to pursue administrative remedies prior to filing a complaint in federal court."], overruled on other grounds by Porter v. Nussle, 534 U.S. 516, 532 (2002); Jackson v. Dist. of Columbia, 254 F.3d 262, 268-69 (D.C.Cir. 2001)[rejecting the argument that § 1997e(a) "permits suit to be filed so long as administrative remedies are exhausted before trial"]; Freeman v. Francis, 196 F.3d 641, 645 (6th Cir.1999)[a prisoner may not exhaust administrative remedies during the pendency of the federal suit]; Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999)[An inmate incarcerated in a state prison must first comply with the grievance procedures established by the state department of corrections before filing a federal lawsuit under section 1983.]; Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 535 (7th Cir. 1999) ["[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment."]. Therefore, this case is subject to dismissal for failure of the Plaintiff to exhaust his administrative remedies.[2]

---

[2]To the extent Plaintiff may contend that he is in "imminent danger" and therefore should not be required to exhaust his administrative remedies, the Court notes that such an allegation would not excuse his failure to exhaust. See Duckett v. Fuller, C/A No. 6:13–1079–JMC, 2013 WL 6181417, at *3 (D.S.C, Nov. 22, 2013)[holding that a "plaintiff's failure to exhaust is not excused by his allegation that he is under threat of imminent danger"] (citing Yisrael v. Whitener, C/A No. 3:13–469–FDW, 2013 WL 4784111, at *2 (W.D.N.C. Sept. 6, 2013)); see also Thomas v. South Carolina Dep't of Corr., C/A No. 0:14–cv–3244–DCN, 2014 WL 4700219, at *4 (D.S.C. Sept. 19, 2014)[adopting Report and Recommendation finding that fear of retaliation did not excuse the exhaustion requirement]; Reynolds v. Stouffer, C/A No. DKC–13–824, 2014 WL 576299, at *4 (D.Md. Feb. 11, 2014)[holding that the PLRA does not contain an "imminent danger" exception to (continued...)

5

Additionally, even if the Court were to find that the Complaint is not subject to summary dismissal for failure to exhaust, it is still subject to summary dismissal, as the Complaint on its face does not state a plausible, non-frivolous § 1983 claim because it fails to include sufficiently clear factual allegations against the Defendants of any personal responsibility or personal wrongdoing in connection with the alleged violations of any of Plaintiff's constitutionally protected rights. Specifically, Plaintiff fails to allege sufficient facts from which the Court can construe a cognizable claim that Defendant Governor Haley or Defendant SCDC Deputy Director McCall committed any specific violation of a constitutionally protected right. In order to proceed under § 1983, a plaintiff must affirmatively show that a defendant acted personally in the deprivation of his constitutional rights; Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977); and when a complaint contains no personal allegations against a defendant, that defendant is properly dismissed. See Karafiat v. O'Mally, 54 F. App'x 192, 195 (6th Cir. 2002); Curtis v. Ozmint, C/A No. 3:10–3053–CMC–JRM, 2011 WL 635302 at *4 n. 5 (D.S.C. Jan. 5, 2011), adopted by, 2011 WL 601259 (D.S.C. Feb. 11, 2011); Whaley v. Hatcher, No. 1:08CV 125–01–MU, 2008 WL 1806124, at *1 (W.D.N.C. Apr.18, 2008).

Thus, Plaintiff's Complaint is in violation of the directive in Federal Rule of Civil Procedure 8(a) that pleadings shall contain "short and plain statement [s]" of the basis for the court's jurisdiction and of the basis for a plaintiff's claims against each defendant. See Bell Atlantic Corp.

---

[2](...continued)
exhaustion] (collecting cases); Fletcher v. Menard Corr. Ctr., 623 F.3d 1171, 1173 (7th Cir. 2010) ["[T]here is no exception [to the PLRA's administrative exhaustion requirement] for prisoners who allege 'imminent danger' in order to be excused from having to pay the entire filing fee at the time the suit is brought. Imminent danger excuses only that, and not the duty to exhaust as well."] (internal citation omitted).



6

v. Twombly, 550 U.S. 544, 555 (2007)[requiring, in order to avoid dismissal, "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"]. Furthermore, Plaintiff cannot maintain a § 1983 claim based on supervisory liability against these two Defendants, as the doctrine of respondeat superior is not applicable to § 1983 claims. Carter v. Morris, 164 F.3d 215, 221 (4th Cir. 1999). Although there is a limited exception to the prohibition against imposing liability on supervisory personnel in § 1983 cases under the doctrines of respondeat superior or vicarious liability, see Slakan v. Porter, 737 F.2d 368, 370–75 (4th Cir. 1984), that exception does not operate to save Plaintiff's Complaint from dismissal for failure to state a claim against the Defendants in this case, as the Slakan exception requires factual allegations showing a "pervasive and unreasonable risk of harm from some specified source ..." coupled with allegations showing that the supervisor's "corrective inaction amounts to deliberate indifference or 'tacit authorization of the offensive [practices].'" Slakan, 737 F.2d at 373; see Shaw v. Stroud, 13 F.3d 791 (4th Cir. 1994). As there are no factual allegations of any individual wrongdoing or potential supervisory liability on the part of either of the named Defendants, Plaintiff's Complaint fails to state a claim on which relief can be granted. See Cochran v. Morris, 73 F.3d 1310, 1316 (4th Cir. 1996)[statute allowing dismissal of in forma pauperis claims encompasses complaints that are either legally or factually baseless]; Weller v. Dep't of Soc. Servs., 901 F.2d at 399 [dismissal proper where there were no allegations against defendants].

### Recommendation

Based on the foregoing, it is recommended that the Court dismiss Plaintiff's Complaint without prejudice and without issuance and service of process.



7

Plaintiff's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

April 20, 2016
Charleston, South Carolina

8



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

